[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
AUG 22, 2008
THOMAS K. KAHN
CLERK

_____

No. 07-13399
Non-Argument Calendar

_____

D. C. Docket No. 06-20180-CR-AJ

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

LANCE RANDOLPH UMANSKY,
a.k.a. Lance R. Umansky,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida

_____

**(August 22, 2008)**

Before TJOFLAT, BLACK and HULL, Circuit Judges.

PER CURIAM:

Lance Umansky appeals his convictions for: (1) maintaining a place for the

purpose of manufacturing ecstasy, in violation of 21 U.S.C. § 856(a)(1) and (b); (2) knowingly possessing equipment, chemicals, and materials to manufacture ecstasy, in violation of 21 U.S.C. § 843(a)(6) and (d)(1); and (3) possession with intent to distribute ecstasy, in violation of 21 U.S.C. § 841(a)(1). On appeal, Umansky challenges the district court's denial of his motion to suppress evidence, which alleged that the affidavit offered in support of the search warrant for his residence contained false information or omissions. Specifically, Umansky argues that the affiant knew, or should have known, that the missing or incorrect information could have affected the magistrate judge's decision whether to grant a search warrant, and thus acted recklessly in deciding what information to include.

In order to establish probable cause, a search warrant affidavit must "state facts sufficient to justify a conclusion that evidence or contraband will probably be found at the premises to be searched." United States v. Martin, 297 F.3d 1308, 1314 (11th Cir. 2002) (quotation marks and citation omitted). The Fourth Amendment is violated if a warrant is obtained by using a false statement that was made intentionally or recklessly. See Franks v. Delaware, 438 U.S. 154, 155-56, 98 S. Ct. 2674, 2676 (1978). Under Franks:

> [A] defendant may challenge the veracity of an affidavit in support of a search warrant if he makes a substantial preliminary showing that (1) the affiant deliberately or recklessly included false statements, or failed to include material information, in the affidavit; and (2) the

2

challenged statement or omission was essential to the finding of probable cause. If he does so, he is entitled to an evidentiary hearing on the issue.

United States v. Arbolaez, 450 F.3d 1283, 1293 (11th Cir. 2006) (quotation marks and citations omitted).

Where, as here, an evidentiary hearing is conducted, the defendant bears the burden of establishing by a preponderance of the evidence the allegations of perjury or reckless disregard for the truth. United States v. Novaton, 271 F.3d 968, 986 (11th Cir. 2001). It can be inferred that an omission was made with a reckless disregard for the accuracy of the affidavit "when the facts omitted from the affidavit are clearly critical to a finding of probable cause." Madiwale v. Savaiko, 117 F.3d 1321, 1327 (11th Cir. 1997) (quotation marks and citation omitted). However, omissions that are merely negligent or insignificant and immaterial will not invalidate a warrant. Id. Moreover, even if the defendant meets his burden, the warrant is still valid "when material that is the subject of the alleged falsity or reckless disregard is set to one side, [and] there remains sufficient content in the warrant affidavit to support a finding of probable cause." See Franks, 438 U.S. at 171, 98 S. Ct. at 2684.

Upon review of the record, and consideration of the briefs of the parties, we

3

find no reversible error.[1]  First, the hearing revealed the affiant had reasonable justifications for his inclusion or exclusion of certain facts in the search warrant affidavit.  Second, even without the disputed content, the remaining content in the affidavit still established probable cause.  The affidavit stated, inter alia: (1) Umansky attempted to purchase sassafras oil, which contains a chemical used to produce ecstasy that is illegal to import without valid registration; (2) the person to whom Umansky directed delivery of the sassafras oil stated that Umansky purchased the oil to manufacture ecstasy; (3) Umansky had recently purchased over thirty items (chemicals and laboratory equipment) used in manufacturing ecstasy; and (4) Umansky's energy usage was significantly higher than that of his neighbors, and high power consumption is consistent with manufacturing ecstasy.  Although Umansky's energy usage went down, the fact remains that it was still significantly higher than his neighbors' usage.  These facts, taken together, were sufficient to justify the conclusion that "evidence or contraband [would] probably be found at the premises to be searched."  Martin, 297 F.3d at 1314.

    We conclude the district court's denial of Umansky's suppression motion

---

[1]We review the district court's determination that an affidavit established probable cause de novo and its findings of fact for clear error.  United States v. Jiminez, 224 F.3d 1243, 1248 (11th Cir. 2000).  We give due weight to the inferences that the judge and law enforcement officers drew from the facts.  Id.  In addition, we review for clear error the district court's decision that misrepresentations or omissions in an affidavit were not reckless or intentional.  United States v. Jenkins, 901 F.2d 1075, 1079 (11th Cir. 1990).

was proper.  Accordingly, we affirm.

**AFFIRMED.**